# Samuel Frack et al., Executors of Daniel Frack, Deceased, *v.* Gerber & Houtz, Appellants.

*Evidence—Partnership—Sale.*

In an action against a partnership to recover the price of goods sold, where one of the partners, a married woman, allows judgment to be entered against her by default, and the other partner defends on the ground that the goods had not been purchased by the partnership, but contributed by his partner as her share of the capital, a written statement made by the husband of the married woman, who was the manager of the business, showing that the goods were a part of his wife's contribution to the firm, is admissible to affect the credibility of his testimony that the goods had been purchased by the firm.

In such case the wife was not a party to the issue on trial, and a recovery against the other partner was in her interest and not against it, and the husband was a competent witness.

Argued Feb. 20, 1895. Appeal, No. 175, Jan. T., 1895, by defendants, from judgment of C. P. Schuylkill Co., Nov. T., 1892, No. 255, on verdict for plaintiffs. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Reversed.

Assumpsit to recover the price of goods alleged to have been sold to defendants, trading as Gerber & Houtz. Before PERSHING, P. J.

At the time, it appeared that the firm was composed of Mahlon A. Gerber and Mrs. Margaretta C. Houtz. The latter was the wife of A. W. Houtz. Prior to June, 1889, A. W. Houtz was the owner of a store in Frackville. Becoming embarrassed he confessed judgment to his wife's grandfather, Daniel Frack, the plaintiff, who bought in the property at the sheriff's sale. In June, 1889, a partnership was entered into between Mahlon A. Gerber and Margaretta C. Houtz. Houtz, acting for his wife,

prepared a written statement in which the goods for which suit was brought appeared as a contribution of Mrs. Houtz to the partnership capital, and plaintiff's account did not appear among the bills payable.  A. W. Houtz managed the business of the new firm.  Subsequently Gerber sold out his interest to Mrs. Houtz.  Judgment was entered against Mrs. Houtz for want of an affidavit of defense, and the jury was sworn as to Gerber alone.

When A. W. Houtz was on the stand, plaintiff's counsel made the following offer:

Mr. Wadlinger: " We propose to prove by the witness on the stand he was in the employ of the firm of Gerber & Houtz in July, 1889, and August, 1889, and that as such employee of that firm he has knowledge of the receipt of the goods set out in the statement of the claim filed in this case being shipped to the firm of Gerber & Houtz, and that they were received by the firm at Johnstown."

Objected to because the husband was incompetent to testify. Objection overruled and bill sealed. [1]

Houtz testified that the goods had been purchased by the firm.  Defendant offered in evidence the statement prepared by A. W. Houtz showing that the goods were a contribution by his wife to the partnership capital.  Objected to as irrelevant and immaterial, and not competent for any purpose in the case.  Objection sustained and bill sealed. [3]

The court charged in part as follows :

" [In nearly all the transactions—perhaps all which have been testified to—Daniel Frack was not present, neither was he represented, and whatever might have been the relations between the members of this firm of Gerber & Houtz, what they did in the absence of Mr. Frack, without his knowledge or consent, could not affect him.  Was he the owner of these goods and were they sold to this firm ?  Has he been paid for them ?  If he was the bona-fide owner of the goods, if he sold them to this firm and has not been paid for them he would have a right to recover.  Of course, if he was a party to a fraud, of which there is no evidence here, I must say to you, the conclusion might be different.  It is important for you therefore, as it is claimed to be a matter of inference from other transactions

that he was not the owner of the goods, to keep in mind the evidence of the witnesses before you upon that subject.] [5]

" The most important witness on the part of the plaintiff no doubt is Mr. Houtz, as the most important witness on the part of the defense is Mr. Gerber. · You will observe in a number of particulars they agree and in other matters they differ. . . .

" [Mr. Houtz in his testimony has detailed to you the fact of the partnership between Gerber and his wife, about which there is no dispute, because the article of agreement is in evidence before you. There is some dispute as to what took place at the time that the article was made, but there is no evidence of Mr. Frack's having been present. The evidence is he was not there; that he is blind and incapable of attending to business or that he knew anything of what took place, and if his ·claim is an honest claim it could not be affected by anything that took place at the writing of this agreement between Mr. Gerber and Mrs. Houtz. But the difference there goes to the credibility of each party, the credibility of Mr. Houtz upon one side and the credibility of Mr. Gerber upon the other.] [6] The jury judges of the credibility of witnesses and determines whether they are right or wrong in their statements from other facts in the case and surrounding circumstances, whether the one is mistaken or the mistake is on the part of the other. Houtz testifies that this firm of Gerber & Houtz received from Daniel Frack, of Frackville, dry goods and notions which were shipped from Frackville to the firm at Johnstown. He has produced three bills here showing shipments of goods, one lot in July, 1889, another lot 2d of August, 1889, and a third lot of September 2, 1889, amounting in the aggregate to $1,418.22, which is the plaintiff's claim here. These shipments of course you will observe were all after the date of the partnership. This was on the 25th of June, 1889. These goods were received, according to Houtz's testimony, by the firm and placed upon their shelves and disposed of as partnership property. . .

" [On cross-examination, as bearing upon the question of Mr. Frack's ownership of these goods, which is denied on the part of the defense here, Mr. Houtz was examined at length, and he states he was an owner of a store in Frackville, that he became involved in debt and was sold out by the sheriff upon a judgment,—whether the judgment of Mr. Frack or not is not

material and does not appear in evidence; that the goods were bought at sheriff sale by Daniel Frack. This, supposing the whole transaction to be an honest one, would put the title of the goods in Daniel Frack. They would be his goods from the time he purchased them from the sheriff and paid for them.] [7] He has given you the substance of what the agreement was when Mr. Gerber, the defendant, and Mrs. Houtz entered into partnership, and the agreement itself has been read to you at length. In answer to an interrogatory where his wife would get money from to go into partnership, he testifies she got it from her father, and at the time she had about $950 in money. Each was to put in a thousand dollars, as you have heard read to you from the agreement. He alleges that Mahlon Gerber and Mrs. Houtz each paid a part of the thousand dollars they were to pay at that time; that they gave the money to him and he took it to Johnstown to enter into this business. He denies he purchased any of the goods for which Daniel Frack claims. [He denies that they were put into this store as Mrs. Houtz's share of stock against the money put into it by Mr. Gerber. He on the other hand claims that Mr. Gerber ordered these goods to Johnstown. Whilst the store was in Johnstown Mr. Gerber remained in Frackville and it appears by the articles of agreement was the manager of this firm. He states that it was Gerber himself who ordered the goods to Johnstown, the inference of which would be that he was the purchaser instead of Houtz.] [8] [He then comes down to the time that Gerber and Alexander Scott came to Johnstown when an account of stock was taken, and produced a paper here in Mr. Scott's handwriting in which Mrs. Houtz is credited with $950 and Mr. Gerber with $1,250. It is alleged that the capital represented then was $3,400 and bills payable $1,087, which does not include the $1,422 of the Frack claim. Both sides have been examined at length as to what took place at this time and the statement of Mr. Gerber, the defendant, and the statement of Mr. Houtz, are in many respects in conflict, but I do not think it necessary to dwell on it.] [9] Mr. Frack was not there and was not represented as I understand it, and I repeat that any fraud on the part of Mr. Frack must be traced to him."

Verdict and judgment for plaintiff for $1,929.03. Defendant appealed.

*Errors assigned* among others were, (1, 3) rulings on evidence, quoting the bill of exceptions; (5–9) above instructions, quoting them.

*G. H. Gerber* and *J. W. Ryon*, for appellant.—Houtz was called for the purpose of testifying against the interest of his wife, and was incompetent: Act of 1887, P. L. 158; Sahms v. Brown, 4 Pa. C. C. 488; act of April 15, 1869, P. L. 30; Alcorn v. Cook, 101 Pa. 209; Pringle v. Pringle, 59 Pa. 281.

The statement was material in the case for the purpose of proving two propositions, the first of which was the very contention made by the defendant that Houtz himself either owned or controlled the stock of goods and put them into that concern as a part of his wife's capital, and in the second place it went to show that Houtz had testified deliberately to falsehoods in his evidence when he pretended that Gerber ordered these goods or bought them.

*George J. Wadlinger, James F. Minogue* with him, for appellee.—There was no error committed in allowing A. W. Houtz to testify and that he was a competent witness. It is true that Margaretta C. Houtz was a party to the record, as defendant, but a judgment had already been entered against her, in default of an affidavit of defense, and the jury was only sworn to try the issue joined between the plaintiff and Mahlon A. Gerber. The liability of Margaretta C. Houtz having been fixed by a judgment already entered against her, A. W. Houtz was not called upon, nor did he testify against the interest of his wife. His testimony in this case would not affect her, either one way or the other: Young v. Senft, 153 Pa. 352; Norbeck v. Davis, 157 Pa. 399; Evans v. Evans, 155 Pa. 572; White's Estate, 2 Dist. 808.

Cases decided before the passage of the act of May 23, 1887, P. L. 158, relating to the competency of witnesses are no authority now: Bitner v. Boone, 128 Pa. 570.

We think we might very properly question the right of appellant to object to the competency of A. W. Houtz as a witness on account of his being the husband of Margaretta C. Houtz. If he were incompetent, it would be solely because of his coverture. In pleading, the plea of coverture, as between

husband and wife is a personal privilege and must be specially pleaded, and the doctrine that " coverture is a personal privilege and pleadable only by the feme herself, and not by a codefendant, was asserted and recognized in Lacroiz v. Macquart, 1 Miles, 45; Freiler v. Kear, 126 Pa. 470.

The statement offered in evidence was properly rejected.

OPINION BY MR. JUSTICE FELL, April 8, 1895:

The suit was to recover the price of goods claimed to have been sold by Daniel Frack to Gerber & Houtz. Judgment was entered against M. C. Houtz, for want of an affidavit of defense, and M. A. Gerber defended on the ground that the goods had not been purchased by the partnership, but contributed by his copartner as a part of her share of the capital. This was the only issue of fact raised. The business had been managed for the firm by A. W. Houtz, the husband of M. C. Houtz, one of the defendants, and the son in law of Daniel Frack, whose executors were plaintiffs; and their case rested mainly on his testimony. The partnership had been dissolved by the purchase by M. C. Houtz of her partner's interest, and at the time of the dissolution a statement of the business had been prepared in which the price of the goods claimed to have been sold was charged to capital stock, and did not appear among the bills payable. There was testimony that this statement had been made up from information derived from A. W. Houtz. The statement was offered in evidence and rejected. We are of opinion that it should have been admitted.

The learned judge was right in the view expressed that a statement made in the absence of the seller, and of which he had no knowledge, could not affect him, but it affected the credibility of the principal witness for the plaintiff. This witness had been the manager in charge of the business, and had testified that the goods had been purchased by the firm. That on another occasion he had represented that the goods were a part of his wife's contribution to the capital went directly to his credibility.

The objection to this witness on the ground that he was called to testify against his wife was not well founded. M. C. Houtz had allowed judgment to be entered against her by default, and the case had proceeded to trial against M. A. Gerber

alone. She was not a party to the issue on trial, and a recovery against the other party sued was in her interest and not against it. Of the numerous assignments of error the third is the only one that can be sustained, and we regret that a single error in a protracted trial which was carefully and ably conducted calls for a reversal.

The judgment is reversed and a venire de novo awarded.